THE STATE OF KANSAS, ex rel., v. JOHN .SILLON, et al.

| 24 | 13 |
| f61 | 800 |

1. ELECTION; *Poll-Book, Valid.* Where the body of a poll-book of a certain election shows what such poll-book is, and no question is raised as to the identity of such poll-book, the mere fact that the blank heading of such poll-book is not filled up, will not invalidate the poll-book.

2. POLL-BOOK; *Irregularity.* Where, in such poll-book, there is an irregularity in the jurat attached to the oath of the judges and clerks of the election, but it appears from such oath and jurat that all the judges and clerks took the proper oath, such irregularity in the jurat will not invalidate the poll-book.

3. POLL-BOOK, *Not Invalid.* Where, in such poll-book, the blank certificate intended to show the aggregate number of electors who voted at the election is not filled up or signed, but the poll-book otherwise shows the whole number of electors who voted at such election, and gives the name of each elector, *held,* that the failure to fill up and sign said blank certificate does not invalidate the poll-book.

## Original Proceedings in Mandamus.

ACTION brought in this court by *The State,* on the relation of the attorney general, against the *Board of Comm'rs of Pratt County,* to compel the board to canvass certain election returns, or to show cause, etc. The defendant answered, showing cause. The facts appear in the opinion.

*Willard Davis,* Attorney General, and *Houk & Brown,* for The State.

*A. B. Jetmore,* and *G. C. West,* for defendant.

The opinion of the court was delivered by

VALENTINE J.: This is an action of mandamus, brought originally in this court in the name of the state of Kansas, on the relation of the attorney general, to compel the board of county commissioners of Pratt county to canvass certain election returns. The election was for the location of the county seat of Pratt county, and also for the election of county officers of that county; but this action has reference only to the location of the county seat of said county. An alternative writ of mandamus was duly issued from this court, and re-

turned; and from such return it appears that the county board failed and refused to canvass said election returns because of certain irregularities appearing in the poll-books constituting such returns. Whether these irregularities are sufficient to invalidate the returns, or not, is the only question now presented for our consideration.

It appears from the said alternative writ and the return thereto, and the evidence introduced on the trial of this case, that Pratt county was divided into five townships—Iuka, Ludwick, Naron, Haynesville, and Springvale. The returns from the first two townships were canvassed, and the returns from the other three were not; but it would not have made any difference in the result if the returns from the third (that is Naron township) had been canvassed. Hence, it will only be necessary for us to consider whether the returns from the last two townships (that is, Haynesville and Springvale townships) should have been canvassed, or not.

Said irregularities appearing in said returns are as follows:

1. The blanks in the heading to the poll-book of Haynesville township were not filled.

2. There was an irregularity in the jurat attached to the oath taken by the judges and the clerks of the election in Springvale township.

3. The blank certificate showing the *aggregate* number of electors was not filled up in either Haynesville or Springvale townships; and the certificate was not signed in Haynesville township.

We shall consider these irregularities in their order.

1. The failure to fill up said blank in the heading of the poll-book of Haynesville township was wholly immaterial; for the body of the poll-book clearly showed what it (the poll book) was and no question as to its identity was ever raised. All knew that it was in fact the poll-book of Haynesville township.

2. The oath of the judges and clerks of Springvale township, their signatures, and the jurat or jurats attached to the oath, are as follows:

"STATE OF KANSAS, PRATT COUNTY, ss.

"We, the undersigned, judges and clerks of the election held in the township of Springvale, in the county of Pratt, on the 22d day of September, in the year one thousand eight hundred and seventy-nine, do each of us severally, solemnly swear that we will support the constitution of the United States and of the state of Kansas, and that we will faithfully discharge the duties of our respective offices.  So help up us God.                              W. S. PURDY,
                                        THEODORE D. RISSER,
                                        WM. A. WILSON,
ISAAC CHINN,                                            *Judges.*
W. T. HAVARD, *Clerks.*

"Subscribed in my presence, and sworn to before me, the day and year last before written, all the above except as to myself.                    WM. S. PURDY, *One of Judges.*

"Subscribed and sworn to before me, above-mentioned date.                    W. T. HAVARD, *Clerk.*"

From the foregoing, it would seem that Purdy, as judge of the election, administered the oath to all the judges and clerks except himself, and that Havard, as clerk of the election, administered the oath to all the judges and clerks.  Probably, however, he administered the oath to Purdy only; but in any event, we think it clearly appears that all the judges and clerks took the oath; and that was certainly sufficient. The statute provides that the judges and clerks may administer the oath to each other.  (Comp. Laws of 1879, p. 389, § 3.)

The failure to fill up said blank certificate and to sign it, showing the *aggregate* number of electors who voted at that election, did not invalidate the poll-books.  The poll-books otherwise showed the whole number of electors voting (124 in Haynesville township and 39 in Springvale township), and gave the name of each elector; and the tally-sheets showed the number of votes cast for each place for the county seat and for each candidate for office; and a proper certificate signed by the judges and clerks was attached to each poll-book.  The certificate for the township of Haynesville, so far as it applies to the election for county seat, was as follows:

"We certify that Saratoga had 76 votes for county seat,

and Anderson had 11 votes for county seat, and Iuka had 37 votes for county seat.                    H. J. DILL,
                                        J. J. COX,
                                   FERG. T. McOSKER,
      H. W. DAVIS,                                    *Judges.*
      H. A. McOSKER, *Clerks.*"

The certificate for Springvale township was in form precisely the same as the above certificate for Haynesville township.

We think the county board should have canvassed said election returns; and therefore a peremptory writ of mandamus will be issued from this court, commanding it to do so.

All the Justices concurring.